

**SIGNED this 14th day of August, 2012.**

_____
**CRAIG A. GARGOTTA**
**UNITED STATES BANKRUPTCY JUDGE**
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 11-12778-CAG |
| | § | |
| RON JOHNSON, | § | CHAPTER 7 |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| LEANN COLLINS, | § | |
| Plaintiff, | § | |
| | § | ADV. NO. 11-01262-CAG |
| v. | § | |
| | § | |
| RON JOHNSON, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION
## <u>GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>

Before the Court is the Motion for Summary Judgment (the "Motion") filed by Plaintiff,

Leann Collins, on April 17, 2012 (ECF No. 11).  This Court has jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334, and the matter is deemed a core proceeding under 28

U.S.C. § 157(b)(2)(J) (objections to discharge).  This matter is referred to this Court under the

District's Standing Order of Reference. Venue is proper under 28 U.S.C. §§ 1408 and 1409. A hearing was held on June 6, 2012 to consider the Motion. Having considered the pleadings and the record in this case, the Court finds that the matter is ripe for summary judgment. *See* Fed. R. Civ. P. 56(c) (made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056).

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Leann Collins, is a professional photographer residing in Austin, Texas. She is best known as a wildlife photographer, but some of her work also includes fine art nudes. Defendant/Debtor, Ron Johnson, is the owner of Texas Adult Guide Publishing, Inc. (TAG) which publishes an adult-entertainment magazine, both in print and online. In June and July 2010, TAG ran an advertisement that Collins alleges contained copyrighted photographs from her website, used without her permission. In January 2011, Collins initiated a copyright infringement suit in the U.S. District Court for the Southern District of Texas against the Defendant, TAG, and Provocative Fine Art Models & Escorts, the company that the advertisement promoted. Collins also sued Anthony Gray, Gray Entertainment, Inc., and S.Q. Media, Inc. based on similar advertisements that ran in another adult-entertainment magazine called Adult Quest.

On November 9, 2011, Debtor filed for bankruptcy in this Court under Chapter 7 in Case No. 11-12778 (*see* ECF No. 1). On December 9, 2011, Collins filed a Complaint Objecting to Discharge of Debtor pursuant to 11 U.S.C. § 727. On this same date, she filed a Complaint Seeking Nondischargeability of Debt under 11 U.S.C. § 523, initiating another adversary proceeding against the Debtor (*see* Adv. No. 11-01263, ECF No. 1). On January 6, 2012, Plaintiff filed her Objections to Valuations and Exemptions in the Debtor's main bankruptcy case. (Case No. 11-12778, ECF No. 25)

On April 17, 2012, Plaintiff filed her Motion for Summary Judgment with regard to her § 727 claim. The Court will address the details of the Motion below in the context of the Parties' Contentions (ECF No. 8).  On April 18, 2012, the Court entered a Scheduling Order, setting a May 8 deadline for responses and responsive affidavits and a May 22 deadline for all supplemental affidavits, briefs, and replies (ECF No. 9).  On May 8, 2012, Defendant filed his initial Response (ECF No. 16).  On May 17, 2012, Plaintiff filed a Reply (ECF No. 17).  On May 22, 2012, Defendant filed an Amended Response with an attached supporting affidavit (ECF No. 19).

Two days after the Court's deadline for filing supplemental affidavits, briefs, and replies had passed, on May 24, 2012, Defendant filed an identical Amended Response with additional exhibits attached (ECF No. 20).[1]  On May 30, 2012, Plaintiff filed a Supplemental Response objecting to both of Defendant's Amended Responses as late-filed, apparently being under the impression that the filing deadline was May 8, 2012 (ECF Nos. 9 and 21).  On June 5, 2012, Defendant filed a Response to Plaintiff's objection to Debtor's Amended Responses, admitting that Debtor's attorney should have requested leave of Court before attempting to file the supplemental responses, apparently under the same misimpression (ECF No. 23).  On that same day, Debtor filed a Motion for Leave of Court to Amend Responses (ECF No. 22).

A hearing on the Motion for Summary Judgment was held on June 6, 2012, at which both parties and their attorneys appeared.  At this time, the Court took the matter under advisement.

---

[1] The Amended Response filed on May 22, 2012 was signed as written and submitted by the *Pro Se* Defendant, Ron Johnson. The identical Amended Response filed May 24, 2012, however, was signed as written and submitted by Michael Spinks, the Defendant's current counsel.  Both Responses were electronically filed by Michael Spinks.  All of Defendant's filings up until May 24, 2012 had been submitted as *Pro Se*.

On June 7, 2012, the Court entered an Order Granting Defendant's Motion for Leave of Court to File Late Amended Responses (ECF No. 24).

## PARTIES' CONTENTIONS

In the introduction of the Complaint, it appears that Plaintiff, without citing any part of the Code, modeled language after multiple provisions of § 727 to make conclusory legal statements about Debtor's actions. Plaintiff goes on to pair factual allegations with §§ 727(a)(2)(A) and (a)(4)(A) but never with any of the other provisions paraphrased in the introduction. In the prayer for relief in the Complaint, the Plaintiff only cites to § 727(a)(2)(A) and (a)(4)(A).[2]

In Count 1 of the Complaint, under § 727(a)(2)(A), Collins alleged that Debtor transferred property of the estate--namely, a lingerie store called Undercover Style--within one year of the petition with intent to delay or defraud the creditors.  In Count 2 of the Complaint, under § 727(a)(4), Collins alleged that Debtor knowingly made a false oath on his Schedules and Statement of Financial Affairs ("SOFA") (ECF No. 7). In particular, Collins alleged that Debtor failed to disclose Undercover Style and TAG as his businesses and failed to list certain bank accounts, the lease on the his apartment and office, and other income and assets.

On January 6, 2012, Defendant filed an Answer to the Complaint (ECF No. 3).  In it, Defendant entered general denials of each of Plaintiff's allegations. He repeatedly asserted that any omissions in his schedules and SOFA were unintentional and were subsequently corrected in his amended filings.  In response to the allegation that he failed to disclose some of his business income, Defendant asserted that Plaintiff had used total revenue figures when listing gross

---

[2] In the heading of Count 2 of the Complaint Plaintiff cites the broader provision of § 727(a)(4) but all of the citations, arguments, and factual allegations under this heading go only to § 727(a)(4)(A).

income, causing the income report to seem inaccurate when it was not.  No additional evidence or exhibits were provided. (ECF No. 3).

 In Plaintiff's Motion for Summary Judgment, she requests relief under four provisions of 11 U.S.C. § 727 although only two of those provisions were pled in the Complaint (ECF No. 8, at 41-42; ECF No. 1).[3]

The following two provisions were pled in the Complaint and argued in the Motion for Summary Judgment.  First, under 11 U.S.C. § 727(a)(2)(A), Plaintiff contends that Debtor, with intent to hinder, delay, or defraud a creditor, transferred property of the debtor within one year before the date of the filing of the petition when he sold the lingerie store, Undercover Style (ECF No. 8, at 22-23). Plaintiff seems to also contend that Debtor concealed the TAG magazine business, with the same intent, within one year before the date of the filing of the petition. *Id.* Second, under 11 U.S.C. § 727(a)(4)(A), Plaintiff argues that Debtor knowingly and fraudulently made a false oath or account in connection with the case (ECF No. 8, at 22). This claim arises out of multiple suspected instances of Debtor failing to disclose information, including compensation, transfers, and assets from his businesses (ECF No. 8, at 25-29, 33-34). Plaintiff further argues that the fact that Debtor's failure to correct certain omissions on his Schedule until after Plaintiff brought them to light, indicates that Debtor possessed the requisite fraudulent intent (ECF No. 8, at 24-29).

In her Motion for Summary Judgment, Plaintiff goes on to pray for relief under two additional provisions of § 727 that were not pled in the Complaint. Under 11 U.S.C.          § 727(a)(2)(B), Plaintiff argues that Debtor, with intent to hinder, delay, or defraud a creditor,

---

[3] The four provisions include §§ 727(a)(2)(A), (a)(4)(A), (a)(2)(B), and (a)(3). The Motion also referenced 11 U.S.C. § 727(a)(4)(D) and § 727(a)(7) as grounds for denying Debtor's discharge, but did not list these in the Prayer (ECF No. 8, at 21, 36, 42).

transferred, removed, destroyed, mutilated, or concealed property of the estate, or permitted property of the estate to be transferred, removed, destroyed, mutilated or concealed, *after* the date of the filing of the petition (ECF No. 8, at 34). Plaintiff asserts that Debtor concealed the sale of the lingerie store, the subsequent promissory note, the business of TAG, and TAG's assets and licenses, making Debtor unable to receive a discharge (ECF No. 8, at 36). Under 11 U.S.C. § 727(a)(3), Plaintiff argues that Debtor concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information, including books, documents, records, and papers, from which his and TAG's financial condition and business transactions might be ascertained, and that such acts and failures to act were not justified under the circumstances of the case (ECF No. 8, at 38-39).

In sum, the Plaintiff pled §§ 727(a)(2)(A) and 727(a)(4)(A) in the Complaint, listed them the Prayer in the Motion for Summary Judgment, and discussed them at the summary judgment hearing. Sections 727(a)(2)(B) and 727(a)(3) were listed in the Prayer in the Motion for Summary Judgment and discussed at the hearing but not ever alleged in the Complaint. Sections 727(a)(4)(D) and 727(a)(7) were mentioned in the Motion for Summary Judgment, but were not listed in the Prayer, discussed at the hearing, or pled in the Complaint.

In response to the Motion for Summary Judgment, Debtor generally denies Plaintiff's allegations (ECF Nos. 16, 19, and 20).

## SUMMARY JUDGMENT STANDARD

The Court will grant a motion for summary judgment if the moving party shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); ***Celotex Corp. v. Cattrett***, 477 U.S. 317, 322–23 (1986). All facts are reviewed

and all inferences drawn in a light most favorable to the non-moving party. *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990). "As to materiality … only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the record evidence before the court." *Id.* (citing *Masushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## DISCUSSION

As a preliminary matter, the Court feels compelled to note on the Record that due to the differences between the Complaint and Motion for Summary Judgment, as well as the overall lack of organization of the pleadings, the most difficult task in this matter was discerning what the arguments of the Parties were. That said, the Court must perform a preliminary analysis for those provisions that were argued as grounds for denial of discharge in the Motion for Summary Judgment but never pled in the Complaint. That is, §§ 727(a)(2)(B), 727(a)(3), 727(a)(4)(D), and 727(a)(7).

### I. *Provisions Not Pled in the Complaint: §§ 727(a)(2)(B), 727(a)(3), 727(a)(4)(D), and 727(a)(7)*

Under Bankruptcy Rule 4004(a), a complaint objecting to a debtor's discharge in Chapter 7 must be filed no later than 60 days after the first date set for the section 341(a) meeting of creditors. In this case, the Meeting of Creditors was held on December 22, 2011. Plaintiff timely

filed her Complaint for denial of discharge on December 9, 2011.  The Complaint included causes of action under §§ 727(a)(2)(A) and 727(a)(4).  On April 17, 2012, more than 60 days after the Meeting of Creditors, Plaintiff filed her Motion for Summary Judgment arguing additional grounds for denial that were not pled in the Complaint: §§ 727(a)(2)(B), 727(a)(3), 727(a)(4)(D), and 727(a)(7).  The additional grounds for denial of discharge not timely pled in the Complaint cannot be admitted as additional counts because they were not timely filed under Rule 4004(a).

In *Kontrick v. Ryan*, 540 U.S. 443, 450 (2004), a bankruptcy court granted a defendant's motion to strike allegations that first appeared in the plaintiff's summary judgment submissions, including the plaintiff's motion itself.  There, the Supreme Court of the United States noted that the bankruptcy court used the plaintiff's amended complaint as its "baseline" and struck as untimely any allegations in the motion for summary judgment that were not previously brought in the amended Complaint. *Id.* Further evidence that it is appropriate to only consider those claims stated in the complaint is in *Damm v. Cooper,* 288 Fed. Appx. 130, 131 (5th Cir. 2008), where the Fifth Circuit did not consider the arguments in the plaintiff's appellate brief that were "incoherent" and "concern[ed] matters that [were] not relevant to and exceed[ed] the scope of the claims asserted in his third amended complaint."

Accordingly, §§ 727(a)(2)(B), (a)(3), (a)(4)(D) and (a)(7), which were not pled in the Complaint, will not be considered in support of Plaintiff's Motion for Summary Judgment.

Specifically, the Court will not consider the § 727(a)(4)(D) claim where Plaintiff argues that Debtor should be denied discharge because he knowingly and fraudulently withheld records from the Trustee and Plaintiff. (ECF No. 8, at 36). Although the Complaint listed § 727(a)(4) in the heading of Count II of the Complaint, as previously stated, all of the citations, arguments,

and factual allegations under this heading go only to § 727(a)(4)(A). The (a)(4)(D) claim appears for the first time in the Motion for Summary Judgment, and even then only in the Analysis and not in the Prayer. While the factual allegations made in the Motion and Complaint that support the (a)(4)(A) claim and (a)(2)(A) claim might support a cause of action under § 727(a)(4)(D), an (a)(4)(D) claim was not timely pled. Given that the same set of facts could potentially give rise to claims under multiple provisions of § 727, it is particularly important for the Plaintiff to provide adequate notice to the Defendant of which provisions of § 727 are being pled.

Further, the Court will not consider the § 727(a)(2)(B) claim. Subsections 727(a)(2)(A) and (a)(2)(B) define similar, but nevertheless different, causes of action. Section 727(a)(2)(A) addresses conduct that occurred within one year *before* the petition date, while § 727(a)(2)(B) addresses conduct occurring *after* the petition date. The Plaintiff never cites to § 727(a)(2)(B) in the Complaint nor refers to the elements of the provision. On the other hand, she specifically cites to § 727(a)(2)(A) and makes arguments for a cause of action under the elements of that provision.

This case is distinguishable in many ways from *Materials Products Int'l., Ltd. v. Ortiz (In re Ortiz)*, Cause No. A-11-CV-311-LY (5th Cir. 2012). In *Ortiz*, the U.S. District Court for the Western District of Texas ruled that both a § 523(a)(2)(A) and (a)(2)(B) cause of action were adequately pled by citing to the umbrella provision of § 523(a)(2). In this case, by analogy, Plaintiff never cited to the broader umbrella provision of § 727(a)(2). Rather, Plaintiff cited specifically to § 727(a)(2)(A). It cannot be said that in citing § 727(a)(2)(A), Plaintiff incorporated § 727(a)(2)(B). Moreover, Plaintiff's theory under § 727(a)(2) seems to center on the allegation that Debtor transferred the lingerie store within one year before signing his

bankruptcy petition. This constitutes conduct occurring before the filing of the petition, which falls under § 727(a)(2)(A). Thus, unlike in *In re Ortiz*, the facts in the Complaint in this case support a cause of action specifically under (a)(2)(A) and not (a)(2)(B).

In sum, in considering Plaintiff's Motion for Summary Judgment as to her Complaint for denial of discharge under § 727, this Court will consider only those provisions of § 727 that were adequately and timely pled in the Complaint.

## II.     Provisions Pled in the Complaint: §§ 727(a)(4)(A), 727(a)(2)(A)

In both the Complaint and in the Motion for Summary Judgment, Plaintiff alleged causes of action under §§ 727(a)(4)(A) and 727(a)(2)(A). If either of these grounds justifies summary judgment for the denial of discharge, the Court need not consider the other. *See Beaubouef*, 966 F.2d 174, 177 (5th Cir. 1992) (citing *Matter of Perez*, 954 F.2d 1026, 1027 (5th Cir. 1992)).

Subsection 727(a)(4)(A) of the Bankruptcy Code prevents a debtor from receiving a discharge where he "knowingly and fraudulently, in or in connection with the case … made a false oath or account." 11 U.S.C. § 727(a)(4)(A). The Plaintiff has the burden of proving that (1) the debtor made a false statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement was material to the bankruptcy case. *In re Beaubouef*, 966 F.2d at 178. A false statement or omission in the debtor's schedules is sufficient to justify the denial of discharge. *Id.* (quoting *Collier on Bankruptcy* ¶ 727.04[1], at 727-59 (15th ed. 1992)).

For fraudulent intent to be found, the debtor need only have acted with reckless disregard for the truth, which can be proven by circumstantial evidence. *Matter of Chastant*, 873 F.2d 89, 91 (5th Cir. 1989); *see also In re Sholdra*, 249 F.3d 380, 382 (5th Cir. 2001) (finding "reckless disregard for the truth" where debtor made false statements, amended schedules only after

creditor pointed out their falsehood, and did not present any additional facts creating a genuine issue of material fact); *In re Beaubouef*, 966 F.2d at 178 (finding "reckless indifference to the truth" where there was more than one falsehood and debtor failed to take advantage of an opportunity to clear up inconsistencies and omissions when filing amendments); *In re Tully*, 818 F.2d 106, 111 (1st Cir. 1987) (finding "cavalier indifference and a pattern of disdain for the truth" where debtor repeatedly failed to list significant assets on his schedules).

In *In re Sholdra*, 249 F.3d at 381, for example, a creditor filed a motion for summary judgment under § 727(a)(4)(A) when the debtor amended his schedules only after his deposition confirmed the existence of false statements.  The debtor failed to respond to the motion for summary judgment.  *Id*.  Summary judgment was awarded to the creditor because it was undisputed that the debtor had made false statements in his original schedules and there were no issues of material facts since the debtor failed to respond. *Id.* at 383.  On appeal, the Fifth Circuit considered the debtor's waiting to file amendments until after the original document's falsity had been revealed as a factor in finding that fraudulent intent existed.  *Id.* at 382-83.  The Fifth Circuit previously acknowledged in *Beaubouf*, 966 F.2d at 178, that "honest mistakes" in omissions on schedules cannot warrant a denial of discharge.  Nevertheless, the Circuit explicit stated in *Sholdra*, 249 F.3d at 382-83, that while subsequent amendment of incorrect schedules could preclude summary judgment denying discharge, that amendment does not counteract a finding of false oath.

In this case, Debtor made a false statement under oath when he filed his original Voluntary Petition and Schedules, as well as his first Amended Schedules, without disclosing the existence or sale of Undercover Style.  Just as the debtor in *Sholdra* did not amend his schedules until after the deposition, Debtor here failed to report the existence or sale of Undercover Style

11

until his third filed schedule, *after* its omission was challenged at the 341 Meeting. The fact that Debtor waited to file amendments until after the original documents' falsity was revealed at the 341 Meeting is a factor indicating fraudulent intent. Furthermore, in Debtor's Affidavit he admitted that he knowingly left Undercover Style off of his first filed Schedules. (ECF No. 20-2, at 5-6). Far from an "honest mistake," Debtor explicitly testified that he made a conscious decision not to list Undercover Style on the Schedules even though he signed the filings under penalty of perjury. Debtor stated:

> I did not originally include [the sale of Undercover Style] in my schedules because I was desperate and in need of monies in order to pay attorney's fees in the defense of plaintiffs copyright case in Houston. However, during the 341 meeting the Trustee made it clear that if I failed to list any assets it could be considered fraud. The Trustee allowed me the opportunity to go back and amend my petition as required. At the conclusion of that meeting, I immediately advised my attorney to add the receivable and contents of a storage unit to Schedule B.

(ECF No. 20-2, at 5-6). In his Affidavit, Debtor seems to imply that he did not know that failing to list assets could be considered fraud and that he amended his filings as soon as the Trustee made this clear to him. (ECF No. 20-2, at 5-6). Regardless of whether Debtor "knew" the omission amounted to fraud, however, the Court finds that Debtor's conduct constituted reckless disregard for the truth,[4] which is sufficient to support a finding of fraudulent intent. *See **Matter of Chastant***, 873 F.2d at 91.

Having found no genuine issue of material fact as to whether Debtor demonstrated fraudulent intent, the Court must next consider whether the omission of Undercover Style on the schedules was material to the bankruptcy case. "'The subject matter of a false oath is 'material,' and thus sufficient to bar discharge, if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and

---

[4] See cases cited, *supra*, at pp. 10-11, where courts found "reckless disregard for the truth."

disposition of his property.'" *In re Beaubouf*, 966 F.2d at 178 (quoting *In re Chalik*, 748 F.2d 616, 617 (11th Cir. 1984)).  Here, Debtor failed to disclose the existence of his retail business, Undercover Style, or its sale for $15,000.  This omission fits the definition of materiality.  The failure to disclose the existence and sale of the store concerns the discovery of assets, business dealings, and the disposition of property.  The Court, therefore, finds that, as a matter of law, this omission was material to the case.

In sum, Plaintiff has met her summary judgment burden under § 727(a)(4)(A).  Accordingly, Plaintiff is entitled to judgment as a matter of law that Debtor should be denied discharge.  The Court, therefore, finds that Plaintiff's Motion should be GRANTED.

Because the Court has found grounds that "justif[y] the denial of discharge, we need not decide the propriety of the others." *Beaubouf*, 966 F.2d at 177 (citing *Matter of Perez*, 954 F.2d 1026, 1027 (5th Cir. 1992)).  The Court, therefore, will not analyze Plaintiff's claim under § 727(a)(2)(A).  This Memorandum Opinion thus disposes of all of the cause of action asserted by Plaintiff in her Complaint.  There being no other pending causes of action, this adversary proceeding will be concluded by a judgment consistent with this final decision.[5]

## CONCLUSION

IT IS, THEREFORE, ORDERED that the Motion for Summary Judgment filed on behalf of Plaintiff, Leann Collins, on April 17, 2012 (ECF No. 11) is, hereby, GRANTED.

A Judgment shall be entered contemporaneously herewith.

# # #

---

[5] As previously mentioned, Plaintiff also filed a Complaint Objecting to Discharge of Debt pursuant to 11 U.S.C. § 523 initiating Adversary No. 11-01263.  Given the Court's decision on § 727 dischargeability and because a general denial of discharge moots any specific determination, the Court questions the necessity of the Plaintiff pursuing the § 523 objection and adversary proceeding. *See In re McKenzie*, 213 F.3d 639 (5th Cir. 2000).  The Court will rule on the Objections to Valuations and Exemptions in a separate Opinion in the main bankruptcy case.